UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

HENRY M. C., et al.,

    Petitioners,

v.

CHAD WOLF, et al.,

    Respondents.

Civ. No. 19-20399 (KM)

**MEMORANDUM AND ORDER**

Petitioner, Henry M. C.,[1] is an immigration detainee currently held at the Hudson County Correctional Facility, in Kearny, New Jersey. On November 15, 2019, acting through counsel, he filed a petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (DE 1.) Petitioner separately filed a Motion for a Temporary Restraining Order and Stay of Removal. (DE 2.)

Petitioner, a native and citizen of Bolivia, has lived in the United States since he arrived in April 2007. (DE 1, at 3.) Petitioner became subject to a final order of removal from the United States on October 20, 2015. (*Id.*) Petitioner did not depart the United States. In 2017, Petitioner married a U.S. citizen and in 2018, he started the process to apply for a stateside provisional waiver, which permits spouses of U.S. citizens who are present in the U.S. without authorization to apply for a waiver if inadmissibility for unlawful presence. (*Id.* at 7-8.) As part of that process, Petitioner's wife submitted an I-130 Petition for an Alien Relative on Petitioner's behalf. (*Id.*) On November 7, 2019, Petitioner and his wife appeared for a scheduled interview on their I-130 application. (*Id.*) Upon conclusion of the interview, Petitioner was arrested and taken into custody by Immigrations and Customs Enforcement, where he has since remained. (*Id.*)

---

[1] Consistent with guidance regarding privacy concerns in social security and immigration cases by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, Petitioner is identified herein only by his given name and family-name initial.

On November 15, 2018, Petitioner filed a Writ of Habeas Corpus under 28 U.S.C. § 2241 and Motion for a Temporary Restraining Order and Stay of Removal. (DE 1, 2.) Petitioner argues that he has the right to complete the provisional waiver process created for individuals in his position and that the government's continued attempts to frustrate that process violate his rights under the Immigration and Nationality Act ("INA"), the Fifth Amendment of the United States Constitution, and the Administrative Procedure Act ("APA"). (DE 1, at 2.) In his Motion for a Temporary Restraining Order and Stay of Removal, Petitioner seeks to bar Respondents from removing him from the United States and to release Petitioner from custody until the Court can fully address the merits of his case. (DE 2-1, at 5.)

At this time, it appears unclear whether this Court has jurisdiction under 8 U.S.C. § 1252 to hear Petitioner's § 2241 application. *Compare M'Bagoyi v. Barr*, Civ. No. 19-1717, 2019 WL 5450872 (M.D. Pa. Oct. 24, 2019) (during provisional waiver process court retains jurisdiction under 8 U.S.C. § 1252(g) to issue a stay, because the petitioners were not challenging ICE's prosecutorial discretion, but rather, ICE's legal authority to exercise such discretion when the petitioners were seeking relief that had been made available by DHS), *and De Jesus Martinez v. Nielson*, 341 F. Supp. 3d 400 (D.N.J. 2018), *with Ashqar v. Hott*, 2019 WL 2712276 (E.D. Va. June 5, 2019) (holding that the court lacked jurisdiction under § 1252 because the petitioner's request to stay to complete the provisional waiver process did challenge the execution of their removal orders); *Achbani v. Roman*, 2017 WL 4227649 (D. Conn. Sept. 22, 2017).

It seems prudent to avoid reaching a determination as to the Court's jurisdiction without adequate opportunity for the parties to brief the issue and cite controlling precedent. Therefore, in the interests of justice, and to preserve the status quo, I will temporarily stay Petitioner's removal until the Respondents can be fully heard and until I can make a full determination as to

the Court's jurisdiction over this proceeding. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 290 (1947) (finding that, where the availability of ancillary relief rested on the question of jurisdiction, "the District Court unquestionably had the power to issue a restraining order for the purpose of preserving existing conditions pending a decision upon its own jurisdiction").

I will therefore issue a temporary stay—not to be confused with the granting of habeas relief—simply to permit both sides to be heard on the issue of the court's jurisdiction. I issue this stay as part of the Court's power to maintain its ability to determine its own jurisdiction consistent with the due process requirement that both sides be heard on the matter.

Accordingly, IT IS this 19th day of November, 2019,

ORDERED that the Clerk of the Court shall serve copies of the petition (DE 1) and this memorandum and order upon respondents by regular mail, with all costs of service advanced by the United States; and it is further

ORDERED that the Clerk shall forward a copy of the petition (DE 1) and this memorandum and order to the Chief, Civil Division, United States Attorney's Office, at the following email address: USANJ-HabeasCases@usdoj.gov; and it is further

ORDERED that, within ten (10) days of the entry of this memorandum and order, Respondents shall file and serve an answer that (1) addresses the Court's jurisdiction to hear this petition, (2) responds to the substantive allegations and grounds in the petition, and (3) includes all affirmative defenses Respondents seek to invoke; and it is further

ORDERED that Respondents shall file and serve with the answer certified copies of all documents necessary to resolve Petitioner's claim(s) and affirmative defenses; and it is further

ORDERED that within ten (10) days of receipt of the answer, Petitioner may file a reply to the answer; and it is further

ORDERED that within seven (7) days of Petitioner's release, by parole or otherwise, as well as any change in the basis for Petitioner's immigration detention, Respondents shall electronically file a written notice of the same with the Clerk; and it is further

ORDERED that, in the interests of justice, Petitioner's motion for temporary restraining order (DE 2) is GRANTED only to the extent necessary to maintain the status quo pending the Court's determination as to whether it possess jurisdiction. Petitioner's removal is TEMPORARILY STAYED pending the completion of briefing by the litigants and pending further order by this Court.

KEVIN MCNULTY
United States District Judge